## NORIEGA v. KNIGHT.

An order vacating a dismissal of appeal, obtained upon a stipulation signed by counsel for respondent in ignorance of the dismissal, will be set aside on his motion.

APPEAL from the Twelfth District.

*C. F. & Wm. H. Sharp*, for Appellant.

*D. O. Shattuck*, for Respondent.

Motion to set aside an order. The facts appear in the opinion.

FIELD, C. J. delivered the opinion of the Court—COPE, J. and NORTON, J. concurring.

The appeal in this case was dismissed on the twentieth of March,

and the remittitur was issued to the Court below on the first of April. On the fifth of April, the counsel of the appellant filed a stipulation, signed by the counsel of the respondent, giving him ten days to file his brief, and continuing in existence a previous order submitting the case on briefs. Upon this stipulation the order of dismissal was vacated, and an order entered extending the time to file briefs. The counsel of the respondent now moves to set aside the stipulation, and the order vacating the dismissal based thereon, alleging that at the time the stipulation was signed, the dismissal of the appeal and the issuing of the remittitur were unknown to him, and that the stipulation was obtained in ignorance of these important facts.

We do not think the counsel of the appellant is chargeable with any intentional concealment of the facts in question. It is true, the counsel who had taken special charge of the case for the respondent was not aware of their existence when he signed the stipulation, but his partner had been informed of them by the counsel of the appellant. It is evident, however, that the stipulation would never have been signed had these facts been known. We think, under the circumstances, and particularly as the remittitur has been issued, that the order vacating the dismissal of the appeal should be set aside, and the original order of March 20th be allowed to stand.

Ordered accordingly.