The opinion of the court was delivered by
Brewer, J.:
*555 i. constitutional lctiv* Princi¡¡&e?dHows* charged. *554 Defendant was tried in the district court of Atchison county, on an information charging burglary and grand larceny. The jury found him guilty' of being “an accessary before the fact to grand larceny.” Upon this verdict he was sentenced to two years’ imprisonment. Several questions are presented in the record. The first important *555 one is, whether under an information charging a party as principal he can be convicted of being an accessary before the fact? In other words, must not the information charge him as accessary, and not as principal? Sec. 115 of the code of criminal procedure (Gen. Stat. 839,) provides *^at “any Person who counsels, aids, or abets in the commission of any offense, may be charged, tried and convicted in the same manner as if he were a principal.” (See also § 287 of the crimes act, Gen. Stat., 380, ch. 31.) The intention of the legislature in these sections is obvious. It authorizes the charging of an accessary before the fact, as a principal. The intention being plain, the question of power is raised. See. 10 of the Bill of Rights (Gen. Stat., 39,) declares that “in all prosecutions the accused shall be allowed * * * to demand the nature and cause of the accusation against him.” Hence counsel say: “Defendant is charged as principal, and not as accessary before the fact, and did not know and could not have known, under the information, that any evidence would be introduced tending to convict him as an accessary. He had a right to demand the ‘ nature and cause of the accusation against him/ and being charged as principal was prepared to defend, himself against such charge, and none other.” This section does not attempt to require that the particular connection an accused has with the offense charged shall be stated in the indictment or information. It does not attempt to indicate how much of detail or specification is essential to a criminal pleading. It requires of course a statement of the crime charged. Under an information for larceny there could be no conviction for manslaughter. But when the crime committed is charged — larceny, as in this case — then it is not made imperative by this section that the information state the particular acts done or part performed by the accused in connection therewith. It is true, that at common law a distinction was made between principals and accessaries, according to the extent of participation in the offense. The immediate actor was called principal in the first degree; the one present, aiding and abetting, *556 principal in the second degree; the one procuring, counseling or commanding the offense, though absent at the time of its commission, accessary before the fact; and the'one knowing of the felony, and receiving and assisting the felon, accessary after the fact. It is also true that, under an indictment charging one as principal, it was impossible to convict him as accessary, and vice versa. (1 Chitty Cr. Law, 272; Rex v. Plant, 7 Car. & P., 575; Wharton’s Cr. Law, § 114.) And as there could be no accessary without a principal, the former could not, against his consent, be convicted, except jointly with or after the latter. (1 Bishop Cr. Law, §§ 667, 668.) Yet these distinctions were all based upon the relation of the accused to the crime. In the commission of one offense, all four classes might participate. The distinctions were arbitrary, and their enforcement, and the rules growing out of them, often operated to the hindrance of justice. Yet, wise or unwise, they simply classified participants in one offense. Arid being arbitrary, they may all be abolished, and all participants in a crime be declared equally and alike guilty, without regard to their proximity thereto, or the extent of their participation therein. The legislature has not attempted to say that the crime committed shall not be charged, that the “nature and cause of the accusation” shall not be stated, but has simply declared what acts shall render one guilty of this crime. The one acting, the one present, aiding and abetting, and the one absent, counseling, aiding and abetting, are declared to be equally and alike guilty. Nor is this the introduction of a new or harsh rule. At common law, if two engaged in the commission of an ordinary felony, and in furtherance of it one committed murder, both were declared equally guilty thereof. The common consent to do wrong, rendered each responsible for all acts done in furtherance of the wrongful purpose. Under our statutes one indicted for an offense consisting of different degrees may be convicted of the degree charged, or of any degree' inferior thereto, or of an attempt to commit the offense. (Crim. Code, § 121.) A somewhat similar question was before this court in the case *557 of McFarland v. The State, 4 Kas., 68, and the power of the legislature to provide that property stolen outside and brought into this state, could be charged to have been stolen within the state, was sustained. We see therefore no error in the ruling of the district court upon this point. The verdict might properly have been simply guilty of larceny. Yet specifying the particular connection of defendant with the crime did not vitiate the verdict. It wrought no prejudice to his rights. (Lewis v. The State, 4 Kas., 309.)

Acts committed in another state.

2. Question of doubt; reason-awe aoubt.

*558
4 Disiunctive instructions.

*557 A second very important question, presented and discussed by counsel in their brief is, whether a person, who, out of the state, becomes an accessary before the fact to a felony committed within the state, can be punished under tn i n i our statutes. Does the power of the state reach to such extra-territorial acts? and if it does, has the state by statute assumed to exercise this power? That this question is one of no little difficulty, see the cases of Johns v. The State, 19 Ind., 421; The State v. Wyckoff, 31 New Jersey, 65; 1 Bishop on Cr. Law, § 111. We do not care to enter into an examination of this question until it is- fairly before us; and as the record now stands, we think the instructions aimed at this question were properly refused on other grounds. The testimony is not preserved. In the bill of exceptions it is stated that the defendant offered evidence tending to prove that the first connection of any kind he ever had with the stolen property was in the state of Missouri, and also tending to prove that he had not aided, abetted, or coun1 n . _ r . seled any one m the state of Kansas in the commission of the offense, and asked the following instruction— that “if the jury believe the said skins were actually stolen, and believe that the first connection defendant had with them was in the state of Missouri, then they must acquit the defendant; and if they have any doubt about this fact they must acquit the defendant.” This instruction as tendered the court refused, but gave it modified by omitting the last clause, and adding to the rest of the instruction this proviso — “unless you further believe from the evidence he counseled, aided, *558 and abetted the taking of the same before they were so taken.” It is evident the instruction asked was wrong. The defendant is not entitled to the benefit of every doubt, but only of a reasonable doubt. Again, the instruction refers to the first connection of the defendant with the property stolen, and not with the crime of stealing it. It ignores that particular phase of crime, of which the jury found the defendant guilty. The verdict demonstrates the impropriety of the instruction. The addition made by the judge, unquestionably good law in the abstract, appears from the verdict to have been appropriate to the particular facts of this case. The other instruction bearing upon this question is thus presented in the bill of. exceptions: “And the said defendant having offered some evidence tending to show that he never had said furs so alleged *° kave keen stolen in his possession or under his control in the state of Kansas, and also having offered some evidence tending to show that he had not aided, counseled, or abetted any person in the commission of said offense in the state of Kansas, asked the following instruction: If the jury have any reasonable doubt that the defendant ever had the furs and skins alleged to have been stolen in his possession in the state of Kansas, or any reasonable doubt that he committed the offense charged against him in the state of Kansas, either as principal or as accessary before the fact, then they must acquit the defendant.’” This instruction was refused. It presents in a disjunctive statement two conditions of acquittal. Of course if there were error in either, the instruction as a whole was properly refused. Now the first part of this instruction is subject to the same criticism as that placed upon the instruction just considered. It ignores that of which the jury found the defendant guilty, and directs an acquittal upon matters which, in the view taken by the jury of the testimony, and properly so taken, as we must presume in the absence of the evidence, were wholly immaterial. It directs an acquittal if the jury have a reasonable doubt of his ever having the stolen property in his possession in the state of Kansas, But if he counseled, aided, and abetted the stealing, *559 it matters not whether he ever had possession anywhere of the stolen property. It lifts a single circumstance, which may have been wholly unimportant, into an essential and determining consideration. We think therefore the court might properly have refused these instructions without considering the question discussed by counsel.
poraessfon of stolen goods. A third question is thus presented in the bill of exceptions: “The defendant having offered some evidence tending to prove that the only connection he had with said alleged offense' was the possession of said furs (alleged to have been stolen) in the state of Missouri recently after they had been stolen, asked the following instruction — ° 1 that proof of possession of the furs by defendant in the state of Missouri recently after they had been stolen, unaccompanied by any other circumstance of guilt, is not sufficient to throw the burden of proof upon the defendant to show such possession lawful, and is not sufficient of itself to authorize a conviction.’” This was refused. On the contrary, at the instance of the prosecuting attorney, the court instructed the jury that “the possession of stolen goods recently after they are stolen is a strong presumption of guilt.” That the rule that possession of property recently stolen makes out a prima facie case of guilt, and throws upon the defendant the burden of explaining that possession, is one of long standing and abundantly fortified by authorities, no one can question. See among others, 1 Greenl. on Ev., § 34; Burrill on Circumstantial Ev., 446, and cases cited in notes; 1 Phil. on Ev., 634, and notes, with cases cited therein; and among later cases, Mondragon v. The State, 33 Texas, 480; Price’s Case, 21 Grattan, (Va.) 864; Unger v. The State, 42 Miss., 642; State v. Turner, 65 North Car., 592; Knickerbocker v. The People, 43 N. Y., 177. Such possession is said to- raise a presumption of guilt, and if unexplained is sufficient to warrant a conviction. Some attempts have been made to qualify or limit this rule. In The State v. Hodge, 50 N. H., 510, it was held that this presumption of guilt was not a presumption of law, but one of fact. In People v. Chambers, *560 18 Cal., 382; People v. Ah-Ki, 20 Cal., 172; People v. Antonio, 27 Cal., 404; and Conkwright v. The People, 35 Ill., 204, it was held that the recent possession of stolen property, unaccompanied by other circumstances of guilt, is not sufficient to warrant a conviction. In 3 Greenl. Ev., § 31, it is intimated that the rule as given in 1 Greenl., § 34, heretofore cited, is stated too broadly, and that perhaps there should be something more than recent possession to justify a verdict of guilty. Still the overwhelming weight of authority is with the rule as stated; and as fairly and reasonably interpreted, we think it ought to stand. It does not assume that there is any certain time, possession within which is recent possession, and therefore proof of guilt. It is not the statement of an absolute and conclusive legal presumption. It is a presumption which is strong or weak according to the nature of the property stolen, the time and place of the larceny, the time within which the possession is shown, the manner of holding, and the various other conditions which appearing in any case give occasion for the application of the rule. For it must be remembered that a jury never passes upon this as an abstract question, isolated from facts and persons. A larceny must always be proved, before there can be any presumption as to who is the thief. Now, when the larceny is proved, the possession may be shown so recently, so almost instantaneously thereafter, as to render it morally certain that the possessor was the thief. To declare otherwise, would be to ignore all those facts of human experience and conditions of human action which support the rules of evidence. To instruct a jury that such a recent possession was insufficient to call upon the defendant for an explanation, and, unexplained," to warrant a conviction, would insult the intelligence of every juror. As the time between the larceny and the possession is enlarged, the necessity of additional evidence appears, and in some cases the fact of possession may be but a’ slight circumstance indicative of guilt. There may of course be cases where the possession is so long after the larceny that the court ought to instruct the jury that something more than possession must *561 be shown to justify a conviction, but as there may be cases where that possession is so recent as to warrant a verdict of guilty, this court cannot in the absence of a full statement of the facts say that the district court erred in refusing to instruct the jury contrary to the ancient rule. Whatever suggestions, or explanations, or qualifications may be appropriate in any cas'e, will depend upon the peculiar facts of that case. All that we decide here is, that it is not necessarily error to refuse an instruction like that asked, even where there is some testimony tending to show that, the only connection defendant had with the offense was in the recent possession of the stolen property. One suggestion more in reference to this question. The verdict of the jury shows that defendant was not present at the time of the commission of the offense, and therefore did not then acquire the possession of the stolen property. What the testimony was upon which the jury found that he incited, procured, counseled, or abetted beforehand the larceny, we are not informed. It may well be that this whole matter of recent possession was, in the view taken by the jury and justified by the testimony, wholly immaterial.
7. Trial without arraignment. waiver. The record fails to show that defendant was arraigned or pleaded to the information. It shows that he appeared in person and by counsel, and that both parties being ready for trial on the information filed, a jury was called . ' ° and case tried. An affidavit appears in the transcript to the effect that as a matter of fact the defendant was not arraigned, and did not plead; but by what right such affidavit appears in the transcript we cannot tell. It was not made a part of the bill of exceptions, nor does it appear to have been used upon any of the motions in the case. Assuming it however, to be proven, that the defendant was not arraigned, and did not enter a formal plea, but being present in person and by counsel, and announcing himself ready for trial upon the information, went to trial before a jury regularly impanneled and sworn, and submitted the question of guilt to their determination, will the omission of the arraignment; or formal plea, avail the defendant thereafter, either on *562 a motion for new trial, or in arrest of judgment? It may be conceded that at common law it would. See the authorities cited by defendant in his brief. But under our statutes we think a different rule must obtain. By § 161 of the criminal code, (Gen. Stat., 846,) it is declared that when a person shall be arraigned “it shall not be necessary to ask him how he will be tried; and if he deny the charge in any form, or require a trial, or if he refuse to plead or answer, and in all cases when he does not confess the indictment or information to be true, a plea of not guilty shall be entered, and the same proceedings shall be had in all respects as if he had formally pleaded not guilty.” And by § 293 it is provided, that “ on an appeal the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties.” It seems to us that under those sections the omission did not and could not affect the substantial rights of the defendant, and therefore is not ground for disturbing the judgment. (The State v. Lewis, 10 Kas., 157.)
These are all the questions we deem it necessary to consider, and there appearing in them no substantial error the judgment of the district court will be affirmed.
All the Justices concurring.