The State v. Price.

THE STATE OF KANSAS v. W. E. PRICE.

1. INFORMATION—*Indorsement of Names of Witnesses.* Permission to indorse names of additional witnesses on an information, even after the commencement of the trial, being within the sound discretion of the court, a judgment will not be reversed on account of such permission unless the granting of it be an abuse of such discretion.

2. LARCENY—*Valid Statute.* Section 26 of the code of criminal procedure, authorizing a prosecution in either county where property is stolen in one and taken into another, is not in conflict with that clause of § 10 of the bill of rights which accords to the accused a "trial by an impartial jury of the county or district in which the offense is alleged to have been committed."

*Appeal from Reno District Court.*

W. E. PRICE was convicted of grand larceny, from which judgment he appeals. The opinion herein, filed July 6, 1895, states the material facts.

*W. H. Lewis,* and *Davidson & Williams,* for appellant.

*F. B. Dawes,* attorney general, and *L. M. Fall,* county attorney, for The State ; *Z. L. Wise,* of counsel.

The opinion of the court was delivered by

MARTIN, C. J.: At January term, 1895, of the district court of Reno county, the defendant was tried on the charge of feloniously stealing, taking, and carrying away, on November 12, 1894, certain neat cattle from the premises of Charles E. Fox, in McPherson county, and bringing them into the county of Reno, where they were found in his possession, said cattle being the property of John H. Cox and Frank Cox. After the jury had been impaneled and sworn, and the county attorney had stated the case to the jury, he asked leave of court to indorse the names of John Cox and Frank Cox upon the information, to which the defendant objected, for the reason that plea had been entered, the jury impaneled, and no showing made to the court of the location of said witnesses, and that their testimony was not known to the state prior to the trial, nor any reason given why said indorsements should not have been made at an earlier time ; which objection the court overruled, and leave was granted to indorse said names upon the information, for the reason that they were stated therein, and that was actual notice to the defendant that these men were witnesses in the case. The defendant excepted to this ruling. Objection was made in several forms to the jurisdiction of the court, the defendant claiming that he could not be placed on trial in Reno county for an offense alleged to have been committed in McPherson, said counties being in different judicial districts. The defendant was convicted of grand larceny, as charged in the information, and was sentenced to the penitentiary for the term of five years, and he appeals from this judgment.

I. This court, in *The State v. Cook*, 30 Kas. 82, held

it within the discretion of the court to permit the name of a witness known to the prosecuting attorney at the time of filing the information to be indorsed thereon after the commencement of the trial, and to permit such witness to testify on the part of the state in a criminal prosecution over the defendant's objection, and this authority was followed in *The State v. McKinney*, 31 Kas. 570, 576; *The State v. Dowd*, 39 id. 412, and *The State v. Adams*, 44 id. 135. Of course, the trial courts ought to be very careful, in the exercise of a discretionary power like this, to require the county attorney to act fairly; and in the event of surprise of the defendant by the bringing in of witnesses that he could not anticipate, time should be granted, even to the extent of a continuance if necessary, to the ends of justice. But it is only where the court abuses its discretion in this respect that error will lie, and we cannot say that there was any abuse of discretion in the present instance.

II. The defendant contests the validity of § 26 of the code of criminal procedure, to the effect that, when property taken in one county by burglary, robbery, larceny, or embezzlement, has been brought into another county, the jurisdiction for the trial of the offense is in either county, the contention being that this is in conflict with that part of § 10 of the bill of rights which provides that the accused shall be allowed "a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed." The theory of the statute is that a thief is stealing the property from the time he takes it up until he lays it down, although several counties may intervene between these points, and this principle is very generally recognized in the criminal jurisprudence of this country. Each asportation from

one county to another is a fresh theft, and a prosecution may be maintained in either county. (Rapalje on Larceny and Kindred Offenses, § 63; 1 Whar. Cr. Law, § 928, and cases cited.) By § 274 of the crimes act of 1859, ever since in force, and now published as § 419 of the crimes act, it has been punishable as larceny to bring any stolen property from another state, territory, or country into this jurisdiction, and in such case the offense may be charged to have been committed in any county of this state into or through which such stolen property shall have been brought, and this section was held to be valid in the early case of *McFarland v. The State*, 4 Kas. 68, and this upon the principle that every asportation *animo furandi* is regarded as a new taking, and to be punished accordingly. See, also, *The State v. Hunter*, 50 Kas. 303, 306, and § 27 of the code of criminal procedure.

As the offense in this case was committed in Reno county, as well as in McPherson, the defendant has had a trial by jury of the proper county and judicial district.

The judgment of the district court must therefore be affirmed.

All the Justices concurring.