THE STATE OF KANSAS v. OSCAR WADE.

PROPERTY, *Stolen in one County — Trial in Another.* Where property is stolen in one county and taken by the thief into another, he may be charged in the latter county with the larceny therein, without stating the place of the original taking.

· *Appeal from Wilson District Court.*

OSCAR WADE, charged with the larceny of cattle in Wilson county, was convicted thereof and sentenced accordingly. He appeals. The opinion herein, filed October 5, 1895, states the facts.

*S. S. Kirkpatrick*, for appellant.

*F. B. Dawes*, attorney general, and *P. C. Young*, county attorney, for The State.

The opinion of the court was delivered by

ALLEN, J. : The appellant, Oscar Wade, was charged by information in the district court of Wilson county with the larceny of cattle in Wilson county. The proof showed that the original taking was in Elk. The only question raised on the record is whether, in order to convict the defendant on the facts as · developed at the trial, it was necessary to charge in the information that the original taking was in Elk county. In *McFarland v. The State*, 4 Kas. 68, a conviction under an information charging the defendant with the larceny of goods in Leavenworth county, when the proof showed the original taking to have been in Missouri, was sustained under the provisions of the statute then in force, and now as ¶ 2559 of the General Statutes of 1889. In the case of *The State v. Price*, ante, p. 606, it was held that § 26 of the code of criminal procedure, which provides that "when property

taken in one county by burglary, robbery, larceny, or embezzlement, has been brought into another county, the jurisdiction is in either county," was constitutional, and did not violate that provision of § 10 of the bill of rights, which secures to the accused a trial by an impartial jury of the county or district in which the offense is alleged to have been committed. Both of the cases cited are based on the recognized doctrine of the common law that " each asportation from one county to another is a fresh theft, and a prosecution may be maintained in either." See, also, *The State v. Brown,* ante, p. 611.

As the asportation of the stolen property within the county of Wilson was sufficient to constitute the offense of larceny, it was not necessary to allege the place of the original taking.

The judgment is affirmed.

All the Justices concurring.