No. 23,579.

THE STATE OF KANSAS, *Appellee*, v. SAM P. SCHAEFER, *Appellant.*

SYLLABUS BY THE COURT.

1. GRAND LARCENY—*Automobile—Evidence—Finding.* The testimony examined, and held to be sufficient to uphold the finding that the defendant had aided and abetted two others in stealing an automobile.

2. SAME—*Instruction Relating to Possession of Recently Stolen Property.* An instruction that the "possession of stolen property immediately after the theft thereof is *prima facie* evidence of guilt and is sufficient to warrant a conviction unless attending circumstances or other evidences so far overcome the presumption thus raised, as to create a reasonable doubt of guilt. It is a guilty circumstance which taken in connection with other testimony is to determine the question of guilt," although subject to criticism is not substantially erroneous.

3. SAME—*Instructions.* Other instructions examined, and held to be without material error.

Appeal from Wilson district court; SHELBY C. BROWN, judge. Opinion filed February 11, 1922. Affirmed.

*E. B. Morgan,* of Galena, and *W. H. Edmundson,* of Fredonia, for the appellant.

*Richard J. Hopkins,* attorney-general, and *B. M. Dunham,* county attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Sam P. Schaefer was convicted upon a charge of grand larceny, and appeals.

The subject of the larceny was a Ford car which was taken from the owner, E. Briles, in Wilson county by Ed Chidister and Jack Vaughn, who drove it to Baxter Springs in Cherokee county and turned it over to Fred Williams and the defendant, Schaefer; they in turn drove it to Southwest City, Mo., and sold it to one H. C. Cox for $450. Ed Chidister and Jack Vaughn were included with Schaefer in the charge of larceny, but a separate trial was given to Schaefer. Williams, it appears, escaped and has never been apprehended. On the trial the testimony of Chidister and Vaughn, who had been convicted of stealing other cars and were confined in prisons, was received, and the defendant contends that it was erroneously admitted, in that it had not been shown that there had been any arrangement between them and the defendant or Wil-

liams, and no ground for the admission of the statements of Williams in respect to the theft of the car.

The state proceeded upon the theory that the defendant aided and abetted Chidister and Vaughn in the larceny, was an accessory before the fact and equally guilty with them of the offense charged. Of course, if the defendant had no part in planning the theft or in stealing the car and had no knowledge of it until the car was brought to Baxter Springs, he could not be convicted upon the charge of stealing the car in Wilson county. However, there was testimony tending to show knowledge by him of the contemplated theft and to warrant the inference of prearrangement and participation in it. Chidister and Vaughn and the defendant had been together in Oklahoma and together had motored up to Baxter Springs. Chidister testified that when he and Vaughn brought the stolen car to Baxter Springs they found Schaefer, who informed them that Williams was in town and that he had their money ready to pay them for the stolen car. They received $150 for the car. The witness said he had participated in stealing six cars and that defendant in a conversation with him said that a car stolen at Arcadia had red paint on the hub and that they had trouble in removing it. Vaughn testified that defendant had talked with him the day before the theft about stolen cars and had offered him a Studebaker for three stolen Fords. It appears that he borrowed some money from defendant on that day and when Williams paid for the stolen car he retained out of the price the money borrowed from Schaefer. The testimony objected to is deemed to be admissible and sufficient to warrant the finding that the defendant aided and abetted Chidister and Vaughn in the larceny of the car.

Complaint is made of instructions refused and given. From the evidence recited it is clear that the court did not err in refusing to give a peremptory instruction to find for the defendant.

Error is assigned on the refusal of a requested instruction that defendant could not be found guilty of stealing the car in Wilson county by the mere proof of his purchase of a car in Cherokee county, knowing it to have been stolen. That phase of the case was not overlooked by the court, as the jury was instructed that—

"If you should find and believe beyond a reasonable doubt that the defendant purchased and paid for the car in question or that he did either purchase and pay for the car in conjunction with Fred Williams that fact alone would not be sufficient evidence upon which you could render a verdict of

guilty even though you should find and believe that at the time the same was so purchased defendant knew it had been stolen, and you are instructed that before you could find the defendant guilty in this case you must find and believe beyond a reasonable doubt that before the theft of the car the defendant counseled, aided and abetted the actual perpetrators of the crime in question, and if you do not so find you should acquit the defendant."

Throughout the charge the court made it plain that the defendant was being prosecuted as a principal in the larceny and not for the offense of receiving stolen property. Some reference was made in an instruction to the possession and sale of the car by the defendant, but it only related to the essential element of intent of defendant to deprive the owner permanently of the ownership or possession of the car.

Special objection is made to instruction number five, relating to the recent possession of stolen property, in which it was stated:

"You are instructed as a matter of law that possession of stolen property immediately after the theft thereof is *prima facie* evidence of guilt and is sufficient to warrant a conviction unless attending circumstances or other evidences so far overcome the presumption thus raised as to create a reasonable doubt of guilt. It is a guilty circumstance which taken in connection with other testimony is to determine the question of guilt."

Apart from the phrase "it is a guilty circumstance," the instruction states the rule in the language usually employed in charging juries in larceny cases. The rule has been the subject of much contention and criticism and some conflict of judicial decision, but as was said in the early case of *The State v. Cassady*, 12 Kan. 550—

"That the rule that possession of property recently stolen makes out a *prima facie* case of guilt, and throws upon the defendant the burden of explaining that possession, is one of long standing and abundantly fortified by authorities, no one can question." (p. 559.)

This rule has been upheld and applied from the time of that decision, as is well shown in the later case of *The State v. White*, 76 Kan. 654, 663, 92 Pac. 829, where it was said—

"That the rule stated is subject to some criticism in view of the present state of the criminal law. Technically the unexplained possession of recently stolen property does not make a *prima facie* case of guilt. It is merely an evidential fact which should be submitted to the jury to be considered in connection with all other facts and circumstances disclosed by the evidence, but which, if the jury so regard it, is sufficient to warrant a conviction; and technically, the burden of proof in a criminal case never shifts.

"However, the instruction states the common law upon the subject. With some unimportant verbal changes and the not improper addition of the

phrase 'or if his explanation is not satisfactory' it follows the fifth paragraph of the syllabus of the case of *The State v. Cassady,* 12 Kan. 550, decided in 1874. That syllabus has served as a model to district judges in the preparation of instructions in larceny cases ever since it was formulated. In 1894 it was expressly approved in the case of *The State v. Hoffman,* 53 Kan. 700, 37 Pac. 138. The objections to it noted above were adverted to in the case of *The State v. Powell,* 61 Kan. 81, 58 Pac. 968, and the court refused to extend its application to burglary, but it still remains an unmodified expression of the settled law of this state. This being true the instruction cannot be condemned."

The instruction given would have been more nearly correct in form if the court had not characterized the matter of recent possession as a "guilty" circumstance, but as the court told the jury this circumstance was to be taken in connection with other testimony in determining the guilt of the defendant, no prejudice could have resulted from the use of the term. The importance of the circumstance depends upon other evidence as to the kind of property stolen, the time and manner in which it was taken and the time and manner in which the defendant took and held possession of it. The defendant insists that he had no knowledge of the theft and no part in it and that therefore the rule was not applicable to his possession. If that had been the state of the evidence, the circumstance would have been a very slight indication of guilt. As the testimony tended to connect him with the theft, it was a circumstance to be considered in connection with other testimony, as the court advised the jury.

In other instructions the court told the jury that if the car had been obtained by purchase it was not enough on which to base a verdict of guilty, and unless they found that the defendant aided and abetted Chidister and Vaughn in stealing the car they must acquit defendant.

We find nothing substantial in the claimed misconduct of the county attorney in the argument of the case before the jury.

Some other objections are made, but they are not deemed to be material nor to require special comment.

Finding no material error, the judgment is affirmed.

WEST, J. (dissenting): Forty-eight years ago in discussing the rule that the possession of goods recently stolen is a strong presumption of guilt, Brewer, J., said:

"Such possession is said to raise a presumption of guilt, and, if unexplained, is sufficient to warrant a conviction." (*The State v. Cassady,* 12 Kan. 550, 559.)

The State v. Schaefer.

In *The State v. Hoffman*, 53 Kan. 700, 37 Pac. 138, it was said that the possession of stolen property recently after it has been stolen forces upon the possessor the burden of explaining possession, and, if unexplained, may be of itself sufficient to warrant a conviction.   But this sentence was added:

" 'Of course, it must be so recent after the time of the larceny as to render it morally certain that the possession could not have changed hands since the larceny.' "   (p. 704.)

In *The State v. McKinney*, 76 Kan. 419, 91 Pac. 1068, it was held and placed in the syllabus that—

"The possession of property recently stolen does not warrant the inference that the person in whose possession such property is found is guilty of larceny.   It is the unexplained possession which constitutes *prima facie* evidence of the offense."   (Syl. ¶ 2.)

In *The State v. Jewell*, 88 Kan. 130, 127 Pac. 608, it was declared that there is much conflict of opinion as to the terms in which the effect of unexplained possession of property recently stolen should be stated, but that it is settled law in this state that "no error is committed in instructing that such unexplained possession is *prima facie* evidence of guilt."   (p. 132.)

Doctor Wigmore, after discussing the "troublesome and fruitless controversies," says that—

"Possession must be unexplained by any innocent origin; the possession must be fairly recent; and the possession must be exclusive."   (4 Wigmore on Evidence, § 2513.)

In *The State v. Bratcher*, 105 Kan. 593, 185 Pac. 734, the instruction was that such possession throws upon the possessor thereof the burden to explain it.

" 'If the same is unexplained, such possession may be sufficient of itself to warrant a conviction of the crime of larceny.   However, such possession to warrant a conviction by reason thereof must have been so recent after the time of the commission of the larceny as to render it morally certain that such possession could not have changed since the commission of such larceny.' "   (p. 595.)

The court said that this instruction was somewhat better than that which was criticised in *The State v. White*, 76 Kan. 654, 663, 664, 92 Pac. 829.

In none of these cases was such an instruction involved as the one in the case now before us.   Here the jury were told "as a matter of law" that—

"Possession of stolen property immediately after the theft thereof is *prima facie* evidence of guilt and is sufficient to warrant a conviction unless attending circumstances or other evidences so far overcome the presumption thus raised as to create a reasonable doubt of guilt. *It is a guilty circumstance* which taken in connection with other testimony is to (not may) determine the question of guilt."

Not only was the possession in this case some eighteen days after the alleged larceny, but it was not exclusive and nothing whatever in the instruction was said about explanation or lack thereof. The jury were expressly told that possession "immediately after the theft" (eighteen days thereafter) is a guilty circumstance, which taken in connection with other testimony *is to* determine the question of guilt.

It was for the jury, not the court, to say whether the possession was a "guilty circumstance," and thus to characterize it left little for the jury to do.

This instruction, given in a case marked by slenderness rather than abundance of proof, was to my mind not only erroneous but materially prejudicial.