Turley, J.
delivered the opinion of the court-.
There are two questions presented for consideration in this case.
1. Whether the testimony given on the trial warrants the" verdict.
2. Whether the affidavit of the juror states .facts on which a new trial ought to have been granted by the court.
As to the first, although the prisoner on being charged with the offence, denied his guilt; yet he afterwards pointed out two different places, at each of which, portions of the money stolen were found deposited. This could not have been done unless he had himself deposited it there, or knew who did. *410 The-fair and legal presumption is, that he did it himself. It is barely possible, that his father (as has been argued) committed the offence, if he did, why did he bury the money and leave the neighborhood, without taking it with him? The principle of the law is well settled, that although confessions obtained by threats • or promises are not evidence against a criminal, upon which he can be convicted; yet if they be attended by extraneous facts, which show that they are true, they will be sufficient. If property has been stolen, and a person accused with the offence, point out the place where it is concealed, he must be considered the thief, unless he can reconcile his knowledge with his innocence.
As to the record, although it has been - determined that the affidavits of jurors may be-made the foundation of motions for néw trials; yet it ⅛ a dangerous principle, and we are not disposed to extend it' one step beyond what it has already been carried. In the case of The State v. Boobie, 4 Yer. R. 139, a new trial was granted on the affidavit of a juror, stating that he found his verdict on the statement of one of the jurors made after the jury had retiréd from the bar, and without which he would not have agreed to find the prisoner guilty. In this case the affidavit of the juror, states' that he would not have returned a verdict of guilty, but for the fact that the prisoner had soot on his clothes the day after the offence was committed, which fact was not detailed by the witness on the trial, but was brought out the morning after, upon a re-examination of the witnesses in open court, by the jury.-.
It is a rule of law well settled, that if a jury, after retiring to consider of ’their verdict, hear other testimony, it will form a ground for a new trial. When this testimony is given by one of the jury, it is next to an impossibility to show it but by an affidavit of a juror, and therefore the .necessity of the case may justify this practice. But to establish the principle that jurors may file affidavits, showing upon what particular parts of testimony they may have found their verdict, with a view of granting new trials, if the court shall be of opinion, that the testimony thus made the basis of the verdict was not legal, and therefore ought not to have been- received, would bo *411 casting obstacles in the way of criminal trials that would ven-dered it almost impossible ever to bring them to a conclusion.
There is scarcely a trial in which some testimony is not , , . . , . . . . , , ' heard, which upon strict examination might not have, been excluded: perhaps there is no case in which witnesses have been re-examined by a jury, with the view of ascertaining with more certainty what had been previously sworn, where some new fact has not been proven; it is nearly impossible from the nature of things to prevent it. Where the testimony, independent of the fact thus proven, is sufficient to warrant the verdict, to say, that a weak minded, timid juror, may by affidavit place his yerdict on the illegal testimony thus received, and thereby be the cause of anew trial, would be opening a door to the escape .of criminals, which would be productive of serious consequences to the country.
In this case, the jury were informed immediately upon the reception of the testimony, that they were to .pay no regard to it; where illegal testimony has been heard without objection, this is all that can be done, and all that the law requires. I apprehend no instance can be found, where a new trial has been granted because illegal testimony had been heard, the reception of which liadnotbeen objected to, and which the jury were instructed by the court not to regard. It is a presumption of law, that the jury will obey the legal instructions of the court, and we think that an affidavit of a juror ought not to be heard, showing that he had refused so to do. The judgment must therefore be affirmed.
-Judgment affirmed-