## GUS PARRISH v. THE STATE.

1. EVIDENCE—ALIBI.—On a trial for theft, two witnesses testified to facts tending to establish the guilt of the accused; nine other witnesses testified to an *alibi* for defendant, which was inconsistent with the truth of the testimony given by the two witnesses;—on appeal from a judgment of conviction: *Held*, 1st, that the district judge trying the case had far better means of judging as to the weight to be given to the evidence of the respective witnesses, by an observation of their manner of testifying and their apparent intelligence, than that possessed by the Supreme Court upon merely seeing their evidence in writing; 2d, that the weight of evidence does not necessarily depend upon the number of witnesses; 3d, that the Supreme Court will not undertake to control the action of the Dis-

trict Court and jury trying the case, unless there has been something more than a mere preponderance in the number of witnesses who testify to facts inconsistent with guilt.

2. CHARGE OF COURT—WEIGHT OF EVIDENCE.—A charge upon the weight of evidence, which still leaves to the jury in terms the right to consider the degree of weight to be attached to the facts referred to in the charge, if not excepted to at the trial, is not necessarily a material error, when it can be seen that it was not reasonably calculated to injure the rights of the defendant.

3. CHARGE OF COURT.—The Code of Criminal Procedure not only excuses the judge before whom a cause is tried from charging on the weight of evidence, but expressly and pointedly prohibits it. (Paschal's Dig., arts. 3059, 3060.)

4. JUDGMENT—CRIMINAL PROCEDURE.—Where it is apparent from an inspection of the record that an entry of a judgment of conviction before the expiration of two days from the coming in of the verdict, did not injuriously affect the rights of the defendant, and the same was up to the close of the term recognized by the court as a valid subsisting judgment, it will not be regarded as a material error, requiring a reversal of the judgment.

APPEAL from the Criminal Court of Calvert. Tried below before the Hon. N. W. Battle.

Gus Parrish, who was indicted for the theft of a mule, the property of H. A. Foster, which was charged in the indictment to have been stolen on the 12th day of October, A. D. 1875, relied on the testimony of nine witnesses, all of whom swore that he was at his father's home sick in bed on the 12th of October, 1875. Two witnesses for the State testified that on that day the defendant was seen by them in the town of Reagan, thirty miles distant, where he remained for several hours, having in his possession the stolen mule, which he claimed as his own, and which, during that day, he sold.

So much of the instructions as will be necessary to a proper understanding of the opinion relating to them will be found quoted in it.

*William H. Hamman,* for appellant, relied on the preponderance of the testimony of the nine witnesses for the defense to establish an *alibi,* and contended that the judgment was a

nullity, having been entered within two days after the coming in of the verdict.

*George Clark, Attorney General,* for the State.

O. M. ROBERTS, CHIEF JUSTICE.—The defendant was convicted of the theft of a mouse-colored mule, the property of H. A. Foster, alleged to have been stolen in Robertson county on the 12th day of October, 1875.

The mule was turned out to graze, at the residence of the owner, in Robertson county, with another mule, to which it was necked, on the 11th day of October, 1875. Being missed the same day, the owner started a negro man in search of it, who found it thirty miles distant, at Reagan, in Falls county, and returned it to its owner. It does not appear how, from whom, or exactly where, he got the mule, or how long he was gone after it.

Two witnesses, merchants, swear that they saw the defendant with such a mule, trying to sell it at Reagan, on the 12th day of October, 1875. They had never seen him before that day.

Nine witnesses swear that the defendant was at home, sick, on the 12th day of October, 1875, (which was about thirty miles from Reagan;) that they were at his father's house on that day, at a cotton-picking, and saw him there; that when he was arrested, shortly afterwards, they counted it up, and by that they knew the day of the cotton-picking, when they saw him, to be on Tuesday, the 12th day of October, 1875.

The jury gave credence to the two witnesses in preference to the nine. They must have believed that there was some mistake as to the time of the cotton-picking, as counted up by the nine witnesses, or that their statements were not credible. The court below refused to set aside the verdict.

The judge presiding had far better means of judging as to the weight to be given to the evidence of the respective witnesses, by an observation of their manner of testifying

and their apparent intelligence, than that possessed by this court, upon seeing their evidence in writing. Upon a direct issue of this sort the weight of evidence does not necessarily depend upon the number of witnesses.

We cannot undertake, therefore, to control the action of the jury and the court, unless there had been something more than the mere preponderance of the numbers, as in this case.

The charge of the court is, in the main, correct and perspicuous.

There is a part of one charge that may be said to be upon the weight of evidence. It is as follows, to wit: "Recent possession of stolen property is a presumption of guilt, if unexplained; but the said fact, if proved, is to be taken and considered by the jury, in connection with all the facts and circumstances of the case, when you come to form your verdict." This charge was not excepted to at the trial as being upon the weight of evidence, as it might have been, under the rules laid down in the Code of Criminal Procedure, (Paschal's Dig., arts. 3059 and 3067.) The judge "shall not express any opinion as to the weight of evidence, nor shall he sum up the testimony." (Paschal's Dig., art. 3059.) "It is his duty to state plainly the law of the case." (Paschal's Dig., art. 3060.) These, with other provisions of the Code, seek to separate the duties of the jury from those of the judge, and to prevent the encroachment of one upon the other in a criminal trial.

Not then having been excepted to, it might have been made a ground for a new trial, when the question would have arisen upon it whether or not, in reference to the balance of the charge and to the evidence adduced on the trial, it was such a material error as was calculated to injure the rights of the defendant. (Paschal's Dig., art. 3137.)

The unexplained possession of property recently stolen raises a presumption of guilt, as a natural deduction, founded on common observation. In a proper case, an instruc-

tion to that effect cannot improperly mislead the jury. The error of it consists in its tendency to substitute the judge for the jury in finding a material fact, which it is liable to do, unless accompanied with an explanation, as was done in this case, which fairly leaves to the jury the consideration of the weight of that fact, in connection with all of the other facts of the case in proof before them. "The jury are the exclusive judges of the facts in criminal causes." (Paschal's Dig., art. 3058.)

This court has repeatedly announced that such a charge, though not strictly correct, on account of its being upon the weight of evidence, not being excepted to on the trial, is not necessarily a material error, where it can be seen that it was not reasonably calculated to injure the rights of the defendant. It may be said to be a very useless piece of advice, if the judge had the right to give it; as in a case to which it is properly applicable, it is an inference of one fact from the proof of another, that could hardly fail to be drawn by the most illiterate juryman in the box.

Such a charge may be expected to be given in courts where the judge is allowed to sum up the evidence, and to give to the jury his opinion as to the weight of it; from which practice it is found, in elementary writers and in judicial opinions, to be laid down as a *prima facie* presumption of guilt.

Our code not only excuses the judge from the performance of this duty, but expressly and pointedly prohibits the exercise of it. (Paschal's Dig., arts. 3059, 3060.)

Still, it is not every error that can be adjudged by this court to be a material error, requiring the reversal of a conviction. This charge not having been excepted to on the trial as being upon the weight of evidence, and not being made a ground of objection in the motion for new trial, further than as embraced in a general objection to the charge, and being accompanied by an explanatory qualification, by which it was not calculated to injure the rights of the defend-

ant, it is not believed to be a material error in this case, requiring a reversal of the judgment.

The irregularity complained of, in entering the judgment before the expiration of two days from the coming in of the verdict, did not injure the rights of the defendant, as is plainly shown by the motions for a new trial and in arrest of judgment being made and acted on. (Paschal's Dig., art. 3094.) It is obvious, also, that no prejudice was intended, as it is recited in the judgment-entry, that "the defendant be remanded to the county jail for the period of two days, in order to file a motion for a new trial and in arrest of judgment." This judgment-entry was subject to the control of the court, for any proper correction, during the term, and its being allowed to stand as entered, after the action of the court upon the motions for a new trial and in arrest of judgment, and afterwards up to the signing the minutes of the court at the end of the term, is a full recognition of it as a valid subsisting judgment, though prematurely entered on the minutes, and cannot be held by this court to be a nullity, as though no judgment had been rendered. Being a judgment, and the time of its entry not having deprived the defendant of any right, or otherwise produced any injury to his rights in any way whatever, he has no right to complain of it as a material error, requiring a reversal of the judgment.

The judgment is affirmed.

AFFIRMED.