# COURT OF APPEALS OF TEXAS.

## TYLER TERM, 1878.

### JOHN TAYLOR v. THE STATE.

1. THEFT — INDICTMENT. — If the ownership of property stolen be alleged in parties to the grand jurors unknown, it is sufficiently laid.

2. EVIDENCE. — It is the province of the jury to reconcile all conflict of testimony, if possible, and if not, to give credit to such as in their opinion is best entitled to it.

APPEAL from the District Court of Coryell. Tried below before the Hon. J. R. FLEMING.

The indictment was for theft of an estray, alleging the owner to be unknown.

No brief for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

WHITE, J. Appellant was indicted, tried, and convicted for the theft of "a certain mare, an estray," and his punishment assessed at ten years' imprisonment in the penitentiary. The indictment alleged that the owner of the animal was unknown, and sufficiently charges the offence. *Culberson* v. *The State*, 2 Texas Ct. App. 324. See a similar indictment in *McGee* v. *The State*, 43 Texas, 662.

No objection is urged or any question raised here to the legality of the proceedings had upon the trial, except that the evidence is insufficient to support the verdict and judgment. If the witnesses for the State are to be believed,

then the defendant is unquestionably guilty; if the witnesses for the defence are to be believed, then it is incontrovertibly certain that he is innocent.

It was the province of the jury, from the evidence, to determine and settle the question. The court properly instructed them as to their duty in the premises, and this court will not disturb the verdict and judgment. *Parrish* v. *The State*, 45 Texas, 51; *Addison* v. *The State*, 3 Texas Ct. App. 44; *Brown* v. *The State*, 1 Texas Ct. App. 154.

No error having been committed on the trial in the court below, the judgment is affirmed.

*Affirmed.*