## A. McMILLAN *v.* THE STATE.

1. PRACTICE IN THE COURT OF APPEALS. — The refusal of a continuance will not be revised on appeal, unless a proper bill of exceptions was reserved.
2. VERDICTS are to have a reasonable intendment and construction, and are not to be avoided unless from necessity originating in doubt of their import, immateriality of the issue, or manifest tendency to injustice.
3. SAME. — Misspelling does not vitiate a verdict, when no doubt can be entertained as to the words intended, or as to their meaning. Note in the opinion a strong illustration of this rule.
4. CHARGE OF THE COURT. — Not error to omit instructions on degrees in the weight of evidence, whether direct or circumstantial, unless some part of the evidence be within the defined exceptions to the general rule, — as, for instance, the testimony of an accomplice.

APPEAL from the District Court of Bell. Tried below before the Hon. L. C. ALEXANDER.

The facts germane to the rulings are stated in the opinion.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

Winkler, J. This appeal is from a judgment of conviction of theft of a gelding. In the absence of brief or oral argument on behalf of the appellant, and there being no bills of exception to any action or ruling of the court below, we cannot perhaps better reach whatever of merit the case presents than by considering the several grounds set out in the defendant's motion for a new trial.

1. The first two grounds of the motion call in question the sufficiency of the testimony to support the verdict. On an examination of the facts as stated by the witnesses, we are of a different opinion.

2. The substance of the third ground of the motion is that the court erred in overruling an application for a continuance made by the defendant. The ruling of the court on the application was not properly reserved for revision on appeal. Questions of this character will not be considered here except on a proper bill of exceptions prepared in the manner prescribed by law and embodied in the record. This is a settled rule of practice. *Blankenship* v. *The State*, 5 Texas Ct. App. 218, and authorities there cited.

3. The fourth ground of the motion calls in question the sufficiency and certainty of the verdict. The precise objection to the verdict appears to be that it does not find the defendant guilty. The verdict as set out in the judgment-entry is in the following language: "We, the jury, find the *defendend* guilty, and assess his punishment at five years *confindendment* in the *penitentiatry*." It cannot be claimed that the verdict as written is a good specimen of orthography. Still we are of the opinion that there can be no serious doubt as to its import, or what the jury intended by it, notwithstanding the word "defendant" is written *defendend*, and the word "confinement" is written *confindendment*, and the word "penitentiary," *penitentiatry*; and whilst the misspelled words may not be any

words known to the language, yet when considered with reference to the context their meaning cannot well be misunderstood. *Koontz* v. *The State*, 41 Texas, 570; *Krebs* v. *The State*, 3 Texas Ct. App. 248. Verdicts are to have a reasonable intendment and to have a reasonable construction, and are not to be avoided unless from necessity originating in doubt of their import, or immateriality of the issue found, or their manifest tendency to work injustice. *Lindsay* v. *The State*, 1 Texas Ct. App. 327, citing Gra. & Wat. on New Tr. 159, and other authorities.

4. The remaining ground is to the effect that the court erred in the second clause of its charge to the jury. The objection to the charge is not apparent, and no precise objection is pointed out by bill of exceptions, or by additional instructions asked by the defendant. In fact, it is conceded by the motion for a new trial that the charge, abstractly considered, is the law "touching the propositions of which it treats;" yet it is urged that it was not applicable to the facts in evidence. If it was supposed to trench upon the province of the jury as being on the weight of evidence, it was the duty of the defendant's counsel to ask additional instructions on the subject. *Parish* v. *The State*, 45 Texas, 51. We fail to discover any error of which the appellant can justly complain in overruling the motion for a new trial. The assignments of error cover, in the main, the same grounds as the motion for a new trial.

One supposed error, in addition, has been assigned as follows: "The court erred in not calling the attention of the jury, in its charge, to the distinction between positive and circumstantial testimony, as all the testimony in the case was purely circumstantial." We are of opinion the correct rule was laid down, substantially, in *Chester* v. *The State*, 1 Texas Ct. App. 707, to this effect: "Whilst it is true that in cases dependent on circumstantial evidence alone a jury should not convict a defendant unless the facts are not only consistent with the guilt of the defendant, but

incapable of explanation upon any other hypothesis than that of his guilt, yet, as the jury are the sole judges of the weight of the testimony, whether it be positive or circumstantial, it cannot be properly said to be an error for the court to refuse to charge the jury upon legal presumptions and degrees of weight in testimony, unless some part of the testimony comes within the defined exceptions to the general rule, such as that ' a conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offence committed.' "

We fail to discover any error on account of which the verdict and judgment should be disturbed.

*Affirmed.*