## DENMARK *v*. STATE.

### Opinion delivered March 17, 1894.

1. *Larceny—Possession of stolen property—Instruction.*

   On trial of one indicted for larceny, it is error to charge the jury that possession of the stolen property by one under indictment as his accomplice, recently after it was stolen and without explanation, is "a strong circumstance" tending to prove the guilt of the alleged accomplice.

2. *Larceny—Receipt of proceeds of stolen property.*

   Proof that defendant received from an alleged accomplice the proceeds of stolen property cannot, as matter of law, be said to be a circumstance which, unexplained, tends to show defendant's guilt, unless it further appears that defendant knew the source from which such proceeds came.

Appeal from Johnson Circuit Court.

JEREMIAH G. WALLACE, Judge.

The appellant, *pro se*.

1. The court erred in instruction No. 1 on its own motion. 34 Ark. 443; 72 N. C. 482. It also invades the province of the jury. Art. 7, sec. 23, const.; 49 Ark. 117; *Ib.* 439; 52 *id.* 262; 39 *id.* 585; 45 *id.* 172.

2. It was error to give instruction No. 2. It is only in cases where the possession is so recent after the theft that it is unlikely that possession could have been obtained legally that there is a presumption, and this is a presumption of fact, not of law.    No presumption of

any kind arises from the possession of the proceeds of stolen property. It also invades the province of the jury.

*James P. Clarke*, Attorney General, and *Chas. T. Coleman*, for appellee.

1. The first instruction substantially states the law. 34 Ark. 444; 44 *id.* 41.

2. Under the circumstances of this case the second was not erroneous.

BUNN, C. J. Defendant was indicted and tried at the December term, 1893, of the Johnson circuit court, for the crime of stealing a grey mare from one Rowland Crawford of that county, on the 15th July, 1893. He: was convicted and sentenced to five years imprisonment. Motion for new trial overruled, and appeal taken.

It seems that one Johnson Townly, and probably others, were at the same time under indictment in the same court for the same offense; and he was made State's witness against defendant. His testimony, therefore, is treated as that of an accomplice. He claims to have been an agent of defendant in selling horses and mules for him, and that, among others, he received the mare in controversy from defendant, and traded her off for him, not knowing she had been stolen, and, after several successive exchanges and swaps of animals and other property, turned the proceeds over to defendant. This is enough of the evidence perhaps to enable us to understand the purport of the two instructions complained of by defendant in the fourth ground of motion for new trial.

These instructions are as follows, to wit: (1.) "If the jury believe from the evidence that Townly was proved to have had possession of the mare recently after she was stolen, and such possession is unexplained by his own testimony, or other testimony in the case, this is a strong circumstance tending to show that

Townly stole the mare, and they will acquit the defendant, unless the evidence tends to connect him with the commission of the offense." (2.) "If the jury believe from the evidence that Townly took the mare to Sebastian county recently after she was stolen, and swapped her for a mule, and then sold the mule to O. B. Donalson, and they further believe that Townly paid the proceeds of the sale of the mule, or any part thereof, over to the defendant, that would be a circumstance, if unexplained, to be considered by the jury as tending to prove his guilt; and if such circumstance, considered in connection with all other facts and circumstances in proof in the whole case, satisfies the minds of the jury of defendant's guilt, it would be their duty to convict."

1. Possession of stolen property as evidence of guilt.

"Possession of property recently stolen, without reasonable explanation of that possession," it is said in *Boykin* v. *State*, 34 Ark. 443, "is evidence of guilt to go to a jury for their consideration. In this sense, it is *prima facie* evidence, but not in the sense that it is such evidence as must compel the jury to convict, unless it be rebutted." In the sense that it may authorize the verdict of guilty, it seems to be of very doubtful force. Its character, perhaps, is to be weighed in the light of the circumstances surrounding each case. At all events, that case cannot be made authority for the court to say to the jury in any case that such possession, unexplained, is a *strong circumstance tending to show that the defendant or his accomplice* is guilty of the crime charged against them, as is done in the first of these instructions, because the court must not say how much weight should be given to any state of facts.

This error of the court might seem unimportant, since that part of the instruction apparently has reference altogether to the connection of the accomplice. and not of the defendant, with the crime charged, although it

heaps an improper burden upon the accomplice, and in so far relieves the defendant. That theory would hold good if the charge was that *the one or the other* was the *guilty party;* for in such a case, the one being found guilty, the other would certainly be innocent. But that theory does not apply to this case. Here they are charged as having jointly committed the crime. In such a case the erroneous instruction which is prejudicial to Townly is also necessarily prejudicial to the defendant.

The second instruction complained of tells the jury, in effect, that if they find that Townly paid the proceeds of the sale of this mare (which "he took to Sebastian county recently after being stolen") over to defendant, such would be a circumstance, if unexplained, to be considered by the jury as tending to prove his guilt; and if such circumstance, in connection with other facts and circumstances in proof in the whole case, satisfies the jury of defendant's guilt, it would be their duty to convict.

2. Receipt of proceeds of theft as evidence of guilt

The guilty knowledge of defendant concerning the source from which came these proceeds seems to have been considered immaterial. We are unable to see that the instruction recites a state of facts upon which the defendant's guilt could certainly be predicated. The receipt of the ill-gotten proceeds, of itself, certainly would not amount to a crime. What the other circumstances referred to (except on the uncorroborated statement of Johnson Townly) are, we do not know.

We think these instructions were calculated to mislead the jury, and should not have been given.

Reversed and remanded.