## ROBERTS v. STATE.

CRIMINAL LAW—INSTRUCTIONS—LARCENY—POSSESSION OF RECENTLY STOLEN PROPERTY.

1. In a larceny case an instruction that the possession of recently stolen property is a circumstance to be considered; and when taken in connection with the branding, or obliterating the brand upon, the animal alleged to have been stolen, such possession, with the other circumstances named, are strong criminating circumstances tending to prove guilt, is objectionable in having stated that the facts were "strong" criminating circumstances, and in not qualifying "possession" by "unexplained."

2. Although such instruction is erroneous, and would in some cases be prejudicial, it may not necessarily be prejudicial, when viewed in connection with the evidence in a particular case, and the rest of the charge.

3. In this case the instruction was not prejudicial, since the defendant claimed to have purchased the animal alleged to have been stolen, and thereupon to have branded it, and the court instructed the jury that if they believed that the animal had been sold and delivered to defendant as claimed, or if they had a reasonable doubt upon that matter, the

defendant could not be convicted of the larceny of the animal, and that, if the defendant either bought or received the animal knowing that it had been stolen, he could not be convicted upon the information charging him with having stolen it.

4. Where a defendant, charged with the larceny of an animal, claimed to have purchased and branded it, and the jury were not only advised of such claim, but were instructed that, if the animal had been purchased by the defendant, it was a good defense to the charge, and that, if they had a reasonable doubt as to whether or not the defendant purchased the animal, they must acquit him, the giving of an instruction as to possession of recently stolen property which was erroneous for not limiting the possession which would constitute a criminating circumstance to "the unexplained possession," and for stating that such possession, with the branding of the animal, were "strong" criminating circumstances tending to prove guilt, was not prejudicial, and did not constitute reversible error.

[Decided December 9, 1902.]                    (70 Pac., 803.)

Error to the District Court, Sheridan County, Hon. Joseph L. Stotts, Judge.

George A. Roberts was charged by information filed in the District Court in and for Sheridan County, in two counts, with the larceny of certain neat cattle. The prosecution elected to prosecute upon the first count. The State relied upon possession by the defendant of the animals alleged to have been stolen, and proof that defendant had obliterated the brand of the owners and placed his own or his wife's brand upon the animals. The defendant claimed that he had purchased the animals from one of the witnesses for the State, and, produced testimony in support of that claim. He denied that he had obliterated any brand, but admitted placing his own brand upon a steer, one of the animals in question, which, he claimed, was before that without a brand. The party from whom defendant claimed to have purchased the steer denied having sold the same to defendant. Defendant was convicted as charged in

the information, and prosecuted error.   The other material facts are stated in the opinion.   .

*A. M. Appelget, W. E. Mullen* and *E. E. Enterline,* for plaintiff in error.

Under the statutes of this State a party producing a witness may contradict him, and may also prove that at other times he has made statements inconsistent with his present testimony, but before such proof can be given the particular circumstances must be called to the attention of the witness, and he must be permitted to explain.   (R. S., Sec. 3685.) Under the above statute, the exact language used by the witness should be put to him by counsel.   In other words, it was not the intention of the Legislature to change the general rules of evidence concerning impeachment of a witness.

It is not necessary to object to questions propounded by the court to a witness, and, if objectionable, the same may constitute reversible error where prejudicial.   (State v. Crafts (Wash.), 60 Pac., 403.)

The defendant testified in his own behalf.   He testified that he purchased the steer from Zeke Arrington, witness for the State.   He further testified that Arrington came to his ranch, offered to sell him some cattle, and gave as a reason that he (Arrington) needed the money to send some girl out of the country.   On motion of State's counsel, this was stricken out.   On objection having been sustained to question propounded by his counsel as to what Arrington said to him concerning why he (Arrington) needed the money, an offer was then made by defendant's counsel to prove by defendant that Arrington then stated to defendant that he (Arrington) had had illicit relations with a certain girl, and that he needed the money to send the girl out of the State; that the offer was made to show a circumstance as to the price fixed, namely $25, for the two head purchased, one being the steer in question.   The offer was excluded.

As the complaining witness had testified that the steer was worth from $30 to $40, the testimony excluded was competent and relevant for the purpose of explaining why the defendant was able to purchase the same for less than the market value. While the record does not disclose the fact, it was argued by counsel for the State in their address to the jury that the defendant had purchased the cattle for considerable less than the market value. There is no doubt but what the court erred in excluding this evidence. The defendant had a right to place all the facts before the jury in relation to his connection with the property in controversy. He had a right to explain all the circumstances concerning his purchase and possession. In the exclusion of the testimony he was denied the right to explain his possession fully, the very thing he was called upon to do. It requires no citation of authority that the exclusion of the testimony offered was prejudicial error.

The instruction (quoted in opinion) as to possession of stolen property was erroneous, because it assumes as a fact that the defendant was in possession of property recently stolen—a matter which the jury must determine.

It is not the mere possession of property recently stolen from which an inference of guilt may arise, but the *unexplained* possession of property recently stolen. The defendant had a right to have his explanation considered by the jury. The instruction took away that right. It wholly ignored the defendant's explanation as to how he came into the possession of the steer in controversy. This principle of law was omitted in all the instructions. The giving of the instruction with the omission stated was in itself prejudicial error. (Gillespie v. State (Kan.), 63 Pac., 742; Orr v. State, 107 Ala., 35; Williams v. State, 40 Fla., 480; 74 Amer. St. Rep., 154.) The instruction is objectionable and erroneous in that it singles out one particular feature, namely, the branding, and gives undue prominence to such branding. (11 Ency. Pl. & Pr., 185; 2 Thomp. on Trials, Sec. 2330; Proffatt on Jury Trials, 319; 11 Ency. of Law

(1st Ed.), 253; Hix v. People, 157 Ill., 382; 41 N. E., 862; Graff v. People (Ill. 1890), 29 N. E., 563.)

In instructing the jury that certain facts, if proven, were strong criminating circumstances tending to prove the guilt of the defendant of the theft of the property, the court invaded the province of the jury. It was a question for the jury alone to determine from all the facts in the case as to the strength or weakness of any portion of the testimony. The universal holdings of the courts under statutes like ours, or under the practice which obtains in our State, sustain our contention in this regard. (11 Ency. Pl. & Pr., 91-102; Dobson v. State, 46 Neb., 250; 64 N. W., 956; State v. Mandich, 24 Nev., 336; 54 Pac., 516; Cooper v. State, 29 Tex. App., 8; 25 Amer. St. Rep., 712; Baker v. State, 80 Wis., 416; 50 N. W., 518; People v. Cline (Cal.), 16 Pac., 391; Williams v. State, 60 Neb., 526; 83 N. W., 681; Van Straaten v. People, 26 Colo., 184; 56 Pac., 905; Williams v. State, 40 Fla., 480; 74 Amer. St. Rep., 154; State v. Hodge, 50 N. H., 510; State v. Bliss, 68 Pac., 87; State v. Hale, 12 Ore., 352; 7 Pac., 523.)

The next instruction objected to is the following: "No. 8. You are further instructed that, if you believe from the evidence, beyond all reasonable doubt, that the defendant, at or about the time and place alleged in the information, found the animal in question, and took it to his ranch, and there obliterated the brand on the animal in question, and if you further believe from the evidence that such brand so obliterated (if you find such to be the case) belonged to R. T. and M. W. Mason, then, I charge you, that such obliteration of said brand is a circumstance to be taken into consideration by you, bearing upon the intention of the defendant in taking the said animal, and if you further believe from the evidence, beyond a reasonable doubt, that the defendant, at or about the time mentioned in the information, placed his own brand on said animal, this is a strong criminating circumstance tending to prove the guilt of the

defendant of the crime of stealing live stock, as charged in the information."

The mere finding and taking the animal to his ranch would not constitute a stealing. There must be a felonious taking. The placing of his own brand on-the animal in no sense would be a strong criminating circumstance tending to prove that the defendant stole it. . Such obliteration of a brand, with intent to steal or to prevent the identification thereof, might tend to prove that the defendant was guilty of misbranding live stock, which is a substantive offense in this State. (R. S., 4989.) This instruction is clearly erroneous, for under it the defendant could be found guilty of misbranding live stock, a crime with which he was not charged. (Williams v. State, 40 Fla., 480; 74 Amer. St. Rep., 154; State v. Tucker, 76 Ia., 232; '40 N. W., 725.) It ignores the principle of possession of property recently stolen—the unexplained possession thereof—and invades the province of the jury.

Another instruction of which the defendant complains is the following: "No. 9. The court instructs you that, if you believe from the evidence that Zeke Arrington stole the animal in question in Sheridan County, Wyoming, at any time prior to the filing of the information in this case, and that the value of such animal so stolen was the sum of $5 or upwards, and if you further believe from the evidence, beyond a reasonable doubt, that the defendant aided, encouraged, counseled, advised or abetted the said Arrington in the larceny of such animal, you can find him guilty of stealing live stock as charged in the information."

There was no evidence whatever introduced tending to establish the fact that Arrington was the principal and Roberts an accessary. It is improper to give an instruction where there is no evidence on which to base it, or to submit to the jury matters which there is no evidence tending to prove. (11 Ency. Pl. & Pr., 170; 1 Bishop's New Crim. Proc., Sec. 978; Clark's Crim. Proc., Sec. 464 et seq.)

Conceding, for the sake of argument, that the defendant

aided Arrington in the commission of the larceny, still this would not imply that the defendant was an accessary. The word "aid" does not imply guilty knowledge or felonious intent. (People v. Dole (Cal.), 55 Pac., 581.)

The defendant was not charged with larceny, but with the crime of stealing live stock, and it was improper for the court to instruct on a crime with which the defendant was not charged. The defendant was charged under the provisions of Revised Statutes, Section 4988, and not under the provisions governing larceny. (R. S., Sec. 4984.)

Over the defendant's objection and exception, the following instruction was also given: "No. 10. You are instructed that, if you believe from the evidence, beyond a reasonable doubt, that the defendant stole the animal in question, in Johnson County, Wyoming, and brought the same into Sheridan County, Wyoming, or if you believe from the evidence, beyond a reasonable doubt, that Zeke Arrington stole the animal in question in Johnson County, Wyoming, and that the defendant aided, encouraged, advised or abetted in the said larceny, and aided, encouraged and abetted the said Arrington in bringing the said animal into Sheridan County, Wyoming, and that such animal so stolen was of the value of $5 or upwards, and the property of R. T. and M. W. Mason, then the defendant is guilty of larceny as charged, and you should find him guilty."

There is no evidence in the record tending in the slightest degree to prove that the defendant stole the animal in Johnson County. Nor is there any evidence that he abetted Arrington. For reasons heretofore urged as to preceding instructions this instruction is erroneous.

We do not think that a person can be prosecuted for stealing live stock in any other county save that in which the original taking occurred. Under our statute, a person may be prosecuted for receiving stolen property in any county in which he has or receives the property, notwithstanding the theft was committed in another county. (R. S., Sec. 5364.)

We know of no provision under our laws which would authorize the filing of an information against a person for stealing live stock in any county save that in which the theft was committed. The Legislature having provided that it may be done in prosecutions for receiving stolen property, would seem to deny the right in other offenses.

The next instruction given by the court of which the defendant complains is as follows: "No. 11. If you believe from the evidence, beyond all reasonable doubt, that the defendant took the animal in question and placed his own or his wife's brand upon it, thereby intending to deprive the owner of his property, then I charge you that this is a strong criminating circumstance that the jury should take into consideration, tending to prove that the defendant stole the animal as charged."

This instruction is clearly bad. The taking must be felonious. . It invades the province of the jury. It points out special features of the case. It is an instruction that might well be applied to the offense of misbranding live stock, a crime not charged. It does not even give the defendant a right to explain, nor does it permit the jury to consider the defendant's explanation. (Barnes v. State (Neb.), 59 N. W., 125; People v. McNamara (Cal.), 29 Pac., 953.)

The last instruction given, and to which exception is taken, is as follows: "No. 14. You are further instructed that, if you believe from the evidence, beyond a reasonable doubt, that the defendant had in his possession the animal in question in this suit at or about the time mentioned in the information, and removed or obliterated the brand of the owner, and that the same was done within the County of Sheridan, Wyoming, then I charge you that such facts are strong circumstances tending to prove the guilt of the defendant of the larceny of such animal."

This instruction is so clearly erroneous that the mere quotation should be sufficient without the citation of authority or discussion. It contains all the objectionable features

of the instructions heretofore criticised, and was very prejudicial to the defendant. It authorized the jury to convict on the bare possession of the property and the obliterating or removing of the brand. As the defendant himself testified that he had possession of the animal, and as the court repeatedly informed the jury concerning the removal or obliteration of the brand, the jury could not help but be influenced against the defendant. The instruction took away the defendant's explanation from the jury entirely. No authority can be found sustaining it.

The presumption of guilt of larceny that the law permits to be drawn as a matter of fact from the unexplained possession of property recently stolen grows out of, and rests solely upon, the unexplained possession thereof, and not upon any alterations or mutations to which the property may have been subjected while in the defendant's possession, or before it reached his possession, and it is error to impose upon him the duty of doing more than to reasonably and credibly explain his possession of property alleged to have been stolen, in order to remove the presumption of guilt that may arise from such possession. (Williams v. State, 40 Fla., 480; 74 Amer. St. Rep., 154.)

In this instruction, too, the coutr erred in instructing on larceny, a crime with which the defendant was not charged.

The defendant was charged with stealing two head of neat cattle. The State sought to establish by proof that the cattle stolen were a steer and a calf. At the request of the defendant, the court instructed the jury that the evidence was insufficient to authorize the conviction of the defendant for the theft of the calf, and withdrew all testimony concerning the animal from their consideration.

Notwithstanding the jury were so instructed, they found the defendant guilty of stealing live stock, as charged in the information, and in so doing convicted the defendant of stealing the two head.

In finding the defendant guilty of stealing live stock, as charged in the information, the jury thus made the informa-

tion a part of their verdict, and the case must be considered as if they found a special verdict, stating the facts precisely as they are set forth in the information. (Cook v. Territory, 3 Wyo., 110; People v. Tilley (Cal.),.67 Pac., 42.)

There was no direct testimony offered tending to prove or connecting the defendant with the taking. Possession and misbranding were relied on exclusively. The evidence was insufficient. (George v. State, 59 Neb., 163; 78 N. W., 259; State v. Seymour (Idaho 1900), 61 Pac., 1033; Williams v. State, 40 Fla., 480; 74 Amer. St. Rep., 154; Boyd v. State, 24 Tex. App., 570; 5 Amer. St. Rep., 908.)

*J. A. Van Orsdel,* Attorney General, for the State.

Referring to the first error discussed in the brief of counsel for plaintiff in error, we would suggest that, by a careful examination of the questions asked the witness Underhill, upon which an impeachment is based by the prosecution, it will be discovered that a proper foundation was laid.

In this case the questions asked by the court now complained of were competent questions to have been asked by counsel in the case. Where that is true no error exists. The case is not at all like the case cited from Washington.

Relating to the third assignment of error discussed in the brief of plaintiff in error, relating to the exclusion of certain testimony offered on behalf of defendant to establish the purpose or object which it was contended the witness Arrington had in selling the steer in question to the defendant, we fail to detect any error. To determine the purpose of the defendants in offering this testimony, we must examine the offer made by counsel for defendant, as set forth in the motion for a new trial. Counsel states that the offer is made for the purpose of showing a circumstance as to the price fixed for the cattle which defendant testified he had bought from Arrington. If the testimony was offered for this purpose, it was entirely incompetent and irrelevant. It was immaterial for the purposes of this case what price had been fixed. If the defendant as an actual fact pur-

chased the cattle from Arrington, then he could not be held for the larceny of the same under the information in this case, and it is utterly immaterial whether he paid one dollar or twenty-five dollars or fifty dollars for the cattle. If, as a fact, he did not purchase the cattle from Arrington, but stole them from the range, then any testimony as to any conversation between the defendant and Arrington as to the value of the cattle would be irrelevant and immaterial, for the reason that the true test of the value of the cattle, for the purpose of determining whether or not the crime committed is petit larceny or grand larceny, is the market value of the cattle, and not any valuation fixed by any person or set of persons fictitiously, or by reason of any peculiar circumstances. We fail to discover where this evidence is competent under the offer made by counsel for defendant, and the offer having been made, it will be assumed that the court ruled upon the offer and upon no other ground, and in so doing the court followed the well established rule of practice.

We shall consider the instructions objected to in brief of counsel for plaintiff in error under two heads.

First—The instructions relating to the possession of the property recently stolen.

Second—Those relating to the defendant aiding and abetting the witness Arrington in the theft of the property in question in this case.

1. The law in relation to the possession of recently stolen property seems to have entirely changed in recent years. Originally the unexplained possession of recently stolen property was *prima facia* evidence of guilt, and threw upon the defendant the burden of satisfactorily explaining how he came into the possession of the property so stolen. It was even considered a presumption of law that the unexplained possession of property recently stolen established the guilt of the defendant. It seems to be no longer considered a presumption of law, but is now considered a presumption of fact, and being a presumption of fact the burden

in no way shifts to the defendant, but the presumption of fact is so strong, under the well adjudicated cases, that, in the absence of satisfactory explanation on the part of the defendant as to the possession of the stolen property, the mere possession is sufficient upon which to establish a conviction, and to put the accused person upon his defense. (McClain v. State, 18 Neb., 154.)

It is further a well established rule that the strength of the presumption raised against the accused by the possession of recently stolen property depends upon all the circumstances surrounding the case. (Engleman v. State, 2 Ind., 91.) It is also held that whenever the property of one man, which has been taken from him without his knowledge or consent, is found in the possession of another, it is incumbent upon that other to prove how he came by it, otherwise the presumption is that he obtained it feloniously. (State v. Furlong, 19 Maine, 225; Knickerbocker v. People, 43 N. Y., 177.) Evidence, however, in explanation of such possession may not constitute a satisfactory explanation, but if it creates a reasonable doubt it practically rebuts the presumption of guilt. (Clackner v. State, 33 Ind., 412; Way v. State, 35 Ind., 409; Smith v. State, 58 Ind., 340.)

In the case at bar the court nowhere instructs the jury that the possession of recently stolen property is *prima facia* evidence of guilt. Neither does the court so instruct the jury upon this subject as to throw the burden of proof upon the defendant, as to how he came into the possession of the stolen property, neither can the instructions be reasonably construed to mean that such was intended by the court. Under no reasonable interpretation can it be contended that the jury from these instructions were led to believe that the burden was cast upon the defendant of explaining the possession of the stolen property. The possession of stolen property is always a circumstance to be proven in the prosecution of a criminal case as tending to establish the guilt of the defendant, and is properly taken into consideration by the jury in connection with the other circumstances in the

case. The instructions of the court in this case, in relation to the possession of stolen property, must be read in the light of the evidence in the case. The evidence conclusively shows that the property was stolen; conclusively shows that the defendant drove the steer in controversy onto his own premises; it is conclusively shown that he there obliterated the brand on the steer, and placed two other additional brands on the animal; it is conclusively shown that the animal was found in his possession recently after the commission of the larceny, and the court's instruction is not alone as to the question of possession, but as to all the facts above enumerated, and that these facts, if the jury are satisfied that they are established beyond a reasonable doubt, when taken in connection with the possession of the property recently stolen, are strong criminating circumstances, tending to establish the guilt of the defendant. The court does not give undue prominence to one fact in these instructions, nor to all of the facts combined. In a number of instructions the court charges the jury that it must be satisfied beyond a reasonable doubt of the guilt of the defendant, and that every material fact must be proven beyond a reasonable doubt. The jury could not in any way be misled by these instructions.

We call the attention of the court to the instructions given by the trial judge on behalf of the defendant. Every instruction, almost, cautions the jury that they must be satisfied of the proof of every material allegation beyond a reasonable doubt before they are justified in convicting the defendant. Instruction 2 gives the law as to reasonable doubt; instruction 3 draws the distinction between civil and criminal actions, and instructs the jury that the mere preponderance of evidence is insufficient to convict; that before the jury can convict the defendant they must be satisfied of his guilt beyond a reasonable doubt. In instruction 5 the jury are instructed that the burden of proof rests upon the prosecution, to make out and prove to the satisfaction of the jury beyond all reasonable doubt every material allegation

in the information.  How can it now be said, in the light of these instructions, that by the instructions relating to the possession of stolen property, as set forth in defendant's brief, the burden is cast upon the defendant?  Instruction 6 goes to the presumption of the defendant's innocence.  Instruction 7 cautions the jury against being prejudiced against the defendant because of the accusations set forth in the indictment.  In instruction 9 the jury are instructed that the buying and receiving of stolen property, knowing the same to be stolen, is a substantive crime, and if they believe that the defendant bought or received the steer in question knowing it to be stolen, this would not authorize his conviction for the crime of larceny.  I cannot conceive how the rights of the defendant could have been more strongly protected than they have been in this case in the instructions asked for on the part of the defendant and given by the court.  The court committed error prejudicial to the State in striking out the second count of the information relating to the receiving of stolen property, and with that count stricken out the court then gave the defendant the benefit of instruction 9, above referred to.  Our contention is that, though the instructions given by the court relating to the possession of stolen property are strong, and if considered by themselves would probably be too sweeping, under the later decisions, yet if they are properly limited by other instructions given on the other side, so that it is not probable that it could have misled the jury, judgment will not be reversed on account of such instructions.  (Kendall v. Brown, 86 Ill., 387;  Skiles v. Caruthers, 88 Ill., 458.)

The whole charge must be taken together, and if, when so considered, it fairly presents the law and is not liable to misapprehension, nor calculated to mislead, the cause should not be reversed simply because some one of the instructions may lay down the law without sufficient qualification.  (Rice v. Des Moines, 40 Ia., 639.)   Instructions are to be considered and construed together, and the omission to state the law correctly in one instruction, when the omission is

supplied in another, does not constitute error. (State v. Maloy, 44 Ia., 104; People v. Cleveland, 49 Cal., 577.)

It is generally held that it is error for the court to call special attention to particular facts, and to lay particular stress upon them in the charge to the jury. But the appellate court will not reverse for this reason, unless it clearly appears that the rights of the defendant were prejudiced. (Gustavenson v. State, 10 Wyo., 301.)

2. The instructions relating to the defendant aiding and abetting the witness Arrington in the theft of the property in question in this case are based upon the theory of the defendant's case. The defense is that the defendant purchased the steer in question from the witness Arrington. There is no doubt of the larceny of the steer in question. The whole case turns and hinges upon how the steer came into the possession of the defendant. He says he purchased it from Arrington. Arrington says he took it from the roundup. Both agree that the defendant drove the steer to his own gate, a short distance, and drove it into his own inclosure. The evidence further is uncontradicted as to the fact that the defendant placed his own brand upon the steer. Now, upon the theory that the defendant stole the steer, he is guilty. Upon the theory that Arrington stole the steer, and sold it to the defendant, who purchased it innocently, he would not be guilty. But if Arrington stole the steer for the purpose of selling it to the defendant, and the defendant was cognizant of this fact, and the act of stealing occurred at the roundup, where Arrington and the defendant were present, then the defendant would be aiding and abetting the witness Arrington in the commission of the larceny, and it was to cover just this contingency that the instructions objected to were given. The jury might easily draw from the evidence the conclusion that Arrington and Roberts were operating together on the roundup in the commission of this larceny, and to cover that conclusion, which is a logical one that might be drawn from the evidence, the court gave the instruction referred to.

3. There is one other instruction objected to (No. 11), which reads as follows: "If you believe from the evidence, beyond a reasonable doubt, that the defendant took the animal in question and placed his own or his wife's brand upon it, thereby intending to deprive the owner of his property, then I charge you that this is a strong criminating circumstance, that the jury should take into consideration, tending to prove that the defendant stole the animal as charged."

The court will notice that the jury were not instructed that the mere fact of taking the animal and placing his wife's brand upon it was sufficient evidence upon which to base a conviction, though such an instruction under our statute would not be error, for the reason that the statute under which the defendant was prosecuted does not provide that the taking shall be felonious. That is the error complained of in the case of Barnes v. State, 59 N. W., 125, cited by counsel for plaintiff in error, in support of their contention. In the instruction there complained of the court instructed the jury that, in order to warrant them in convicting the defendant, the State must have convinced the jury that the defendant took and carried away the hogs in question, and of certain other facts contained in the instruction. Nowhere in the case at bar does the court imply that the facts to which their attention is called would warrant a conviction; they are simply strong circumstances to be taken into consideration by the jury, and we submit that this instruction does not in any way cast any burden upon the defendant, nor does it charge that any particular fact or set of facts are sufficient upon which to base a conviction. The court will further observe that the statute under which this defendant was convicted is set forth in instruction No. 1, given by the court on its own motion. The statute does not provide that the taking shall be felonious, as in ordinary cases of grand larceny, but simply provides that "whoever steals any horse, mule or neat cattle of the value of $5 or upwards, the property of another, is guilty," etc. Under similar statutes of this kind the instruction is not erroneous

in that it does not state that the taking or stealing shall be felonious.

As to the alleged insufficiency of the evidence, it is unnecessary, after a perusal of this record, to discuss, this contention. The court will apply to this case the well established rule of procedure in appellate courts, that where there is some evidence to support a given proposition the court will not reverse the case because of the insufficiency of the evidence. The sufficiency of the evidence is a matter entirely for the jury. The jury have passed upon that question in this case. True, the verdict in this case is a general one, finding the defendant guilty as charged in the information, but the fact that the court instructed the jury not to consider any evidence relating to the larceny of the calf, relieves the finding of the jury from prejudicial error. The court will presume that the jury took into consideration the charge of the court and found the defendant guilty only upon that portion of the case that was submitted to them. The court must further presume that the court took into consideration its own instruction to the jury in passing judgment upon the defendant in this case, and in no case could the defendant be prejudiced by the form of the verdict. That being the case, no prejudicial error exists, and the case cannot be reversed because of the form of the verdict.

A careful review of the evidence in this case will convince any impartial person that the verdict is fully sustained. Some objection is made by counsel as to the venue, whether or not the steer in question was actually taken in Johnson or Sheridan County. The evidence, I think, conclusively shows that the steer was taken from the roundup in Sheridan County and driven upon premises of the defendant. However, this contention is immaterial. If the steer was actually taken from the possession of the owners in Johnson County and driven by defendant Arrington, with the defendant's consent and knowledge, from the range in Johnson County to the pasture of the defendant in Sher-

idan County, the act would be a continuous one, the larceny would be continuous, and the venue would lie in either county. However, the evidence fully sustains the theory that the complete transaction from the inception of the crime until its completion was carried out in Sheridan County.

While some of the instructions in this case are peculiar, and rather strong, where no doubt of the defendant's guilt exists, where the evidence fully sustains the verdict, the appellate court, because of mere irregularity in the instructions to the jury, will not reverse the case. (2 Thompson on Trials, Secs. 2401-2402; Miller v. State, 3 Wyo., 658.)

KNIGHT, JUSTICE.

The plaintiff in error was convicted of stealing live stock of the value of $25, and on January 2d, 1902, sentenced to three and one-half years in the penitentiary.

The claim of the defendant (plaintiff in error here) was that he had purchased the steer in question from one Zeke Arrington, one of the witnesses for the State, and subsequently placed his own or his wife's brand on the steer, but denied that at the time he so branded the animal it was already branded with the brand of the owners, as testified to by several witnesses for the State. Of the many errors claimed, the strongest showing made is upon the charge of the court. And we are cited to authorities which clearly show that had the defense in this case been other than purchase the verdict could not stand. We give as containing all the objections the following:

"No. 6.   The court further instructs you that the possession of recently stolen property is a circumstance to be considered by the jury. And such circumstance, when taken in connection with other circumstances, such as the branding of the animals, or obliterating the brand upon the same, or of cutting off or removing or obliterating the ear marks thereon, if you find from the evidence, beyond reasonable doubt, that any such facts exist in this case, then I charge you that such possession, together with such other circumstances, are strong criminating circumstances,

tending to prove the guilt of the defendant of the theft of such property."

This instruction is objectionable in having stated that facts as stated are "strong" criminating circumstances tending to prove the guilt of the defendant, and is further objectionable in stating that the possession of recently stolen property is a circumstance to be considered by the jury, leaving out, as it does, the statement universally made when such an instruction is given "the unexplained possession," but while the instruction in the particulars pointed out is erroneous and would in some cases be prejudicial, yet it is not necessarily prejudicial when viewed in connection with the evidence in a particular case. And the remainder of the charge of the court upon the subject, and in this case, when so viewed, we think it is apparent that it could not have prejudiced the defendant.

No exception was taken to this instruction upon the ground that by statute or otherwise the court was exceeding its authority by attempting to pass upon the weight of evidence, nor for the reason that it was unauthorized for want of evidence, but the first proposition is urged for the first time in the brief of plaintiff in error, and numerous authorities are cited, some of which are based upon direct provisions of statutes or constitutions prohibiting the court from commenting on the weight of evidence, and we must admit that the instruction is objectionable under the authorities cited, and many others found, and that the question of error in this record turns upon these instructions.

In Brooks v. People, 23 Colo., 375, the court makes use of this language: "They [the jury] must have understood only that, in order to remove the impression produced by the fact of possession as a circumstance tending, in connection with the other evidence in the case, to show guilt, the defendant must explain such possession. That he might do this, either by conclusively establishing the fact that he honestly and in good faith bought the cattle, or by proof, far short of this, sufficient only to raise a reasonable doubt

that he dishonestly obtained possession, was clearly conveyed to the jurors' minds. In this case there was no error."

Let us examine the instructions given by the court in this case and see if sufficient precautions were taken that the jury should not be misled as to the merits of the defense made, which was, as has been said, that the animal in question had been purchased. Instructions Nos. 8 and 9, given at the request of the defendant, are as follows:

"No. 8. You are instructed that if you believe from the evidence that the steer in question was sold and delivered to the defendant by one Zeke Arrington, or if you entertain a reasonable doubt of such proposition, then you cannot convict the defendant for the larceny of said steer.

"No. 9. The jury are instructed that the buying or receiving of stolen property, knowing the same is stolen, is a substantive crime, but the person who is charged with having stolen the property cannot be convicted by evidence showing that he received or bought the stolen property. So that in this case, even though you may believe from the evidence and beyond a reasonable doubt, that the defendant either bought or received the steer in controversy, knowing it to have been stolen, this would not authorize his conviction for the crime of which he stands charged, and your verdict should be, Not guilty."

In the case of Parrish v. The State, 45 Tex., 51, the court, under conditions very similar to those hereinbefore pointed out, says: "Still, it is not every error that can be adjudged by this court to be a material error, requiring the reversal of a conviction. This charge not having been excepted to on the trial as being upon the weight of evidence, and not being made a ground of objection in the motion for a new trial further than as embraced in a general objection to the charge, and being accompanied by an explanatory qualification, by which it was not calculated to injure the rights of the defendant, it is not believed to be a material error in this case requiring a reversal of the judgment."

In the case before us the defense admitted having taken

possession of the animal in question and appropriating the same by branding, the only defense being that said animal was purchased of Zeke Arrington, who was present at the trial and gave evidence for the State. The jury were fully advised as to the claimed purchase, and the court not only instructed the jury that if the animal had been purchased by the defendant it was a good defense to this charge, but the court also instructed the jury that if they had a reasonable doubt as to whether or not the defendant purchased the animal, they must acquit him, and, under the circumstances, we do not think the defendant was prejudiced by the erroneous statement of the law regarding the possession of property recently stolen.

We have examined this record maturely in the light of the brief and oral argument of counsel for appellant, and have been unable to find any error of sufficient importance to demand or require of us a reversal of the judgment, and it is, therefore, affirmed.                    *Affirmed.*

POTTER, C. J., and CORN, J., concur.