JIM ANDERSON v. THE STATE.

No. 881. Decided January 11, 1911.

**Carrying Pistol—Conflict of Testimony—Question of Fact.**

Where upon trial of unlawfully carrying a pistol, the evidence sustained the conviction the case will not be reversed on the ground of a conflict of testimony; although the evidence offered by the defendant if believed by the jury would entitle him to an acquittal.

Appeal from the County Court of Dallas County at Law. Tried below before the Hon. W. M. Holland.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Crawford, Walker & Williams,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

HARPER, Judge.—The appellant was convicted in the County Court of Dallas County at Law of unlawfully carrying a pistol and appeals the case to this court, assigning as ground upon which he seeks a reversal of the case, that the evidence is insufficient and does not support and sustain the verdict and judgment of the court rendered herein, assigning a number of reasons why the evidence is insufficient.

The evidence offered on behalf of the State shows that defendant was seated in a carriage in front of a theatre, when a driver of a taxicab drove near, or into his vehicle; words ensued, when appellant picked up the pistol from under the lap robe and threw it down on the taxicab driver. The taxicab driver jumped out of his vehicle and ran across the street, when appellant drove off. The taxicab driver found a policeman and they followed the carriage, and as they caught up with it appellant was seen coming out of the front door of a saloon. He was arrested and searched but no pistol found on him. The policeman went to the back of the saloon and found a pistol in a paper sack behind the closet. This, in substance, is the evidence for the State. The testimony offered on behalf of the defendant presented a good defense, and, if true, he should have been acquitted.

In the case of Taylor v. State, 5 Texas Crim. App., 1, Judge White, in rendering the opinion, says: "No objection is urged or any question raised here to the legality of the proceedings had upon the trial, except that the evidence is insufficient to support the verdict and judgment. If the witnesses for the State are to be believed, then the defendant is unquestionably guilty; if the witnesses for the defense are to be believed, then it is incontrovertibly certain that he is innocent. It was the province of the jury, from the evidence, to determine and settle the question. The court properly instructed them as to their duty in the premises, and this court will not disturb the verdict and judgment," citing Parrish v. State, 45 Texas, 51; Addison v. State, 3 Texas Crim. App., 40, wherein Judge Winkler says: "With the facts this court has but little concern, except to see that the case went to the jury on proper and legal evidence, . . . and that there is a sufficient amount of legal evidence to support the finding of the jury." Numerous other authorities might be cited wherein this court has held that if the evidence offered by the State

authorized a conviction, this court will not disturb the verdict, even though the evidence offered on behalf of the defendant, if believed, would entitle him to an acquittal.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

Prendergast, Judge. not sitting.