THE STATE OF KANSAS, *Appellee,* v. ARDEN JEWELL, *Appellant.*

No. 18,080.

### SYLLABUS BY THE COURT.

1. LARCENY—*Instructions—Knowledge of Place of Concealment —Presumptions.* An instruction in a prosecution for larceny that the possession of recently stolen property, or a knowledge of its place of concealment, without reasonable and satisfactory explanation, raises a strong presumption of guilt, is erroneous, and in this case is held to have been prejudicial.

2. CRIMINAL LAW—*Instructions—Good Reputation of Defendant.* An instruction in a criminal case that testimony that the defendant had previously borne a good reputation may "in doubtful cases" tend to the conclusion that he would not be

likely to commit an offense of the kind charged is subject to just criticism on the ground that the jury might understand from it that they were to give effect to such testimony only in case the other evidence left them in doubt as to the defendant's guilt.

Appeal from Clay district court. Opinion filed November 9, 1912. Reversed.

*F. B. Dawes,* and *R. C. Miller,* both of Clay Center, for the appellant.

*John S. Dawson,* attorney-general, *C. Vincent Jones,* county attorney, and *F. L. Williams,* of Clay Center, for the appellee.

The opinion of the court was delivered by

MASON, J.: Arden Jewell was convicted of grand larceny, and appeals. The evidence tended to show these facts: A suit case filled with goods was stolen from a room in a hotel where Jewell was staying. A short time before, he came to the door of this room in his stocking feet, opened it, and put in his head. On seeing the owner he withdrew. After the theft was discovered Jewell was accused of it and was promised immunity if he would return the goods. He led an officer to the place where the suit case was hidden, pointed it out, and walked away, leaving the town at once. The suit case proved to be empty. About a week later Jewell got upon a train in Nebraska, but on seeing the owner of the goods in a car he turned back, alighted, and started walking up the track. His arrest followed. At the trial he undertook to account for his knowledge of the hiding place of the suit case by testifying that his roommate told him of having stolen it and hidden it there.

The principal complaint made is of the giving of an instruction reading in part as follows:

"The possession of recently stolen property, or a knowledge of the place of concealment of recently stolen

property, without reasonable and satisfactory explanation, raises a strong presumption of guilt against the party shown to have such possession or knowledge of place of concealment."

There is much apparent and some real conflict of opinion as to the terms in which the effect of the unexplained possession of property recently stolen may properly be stated to the jury. (Note, 70 Am. Dec. 443, 447; Note, 101 Am. St. Rep. 481; 25 Cyc. 134, 135; 4 Wigmore on Evidence, § 2513.) . It is the settled law of this state that no error is committed in instructing that such unexplained possession is *prime facie* evidence of guilt (*The State v. White,* 76 Kan. 654, 92 Pac. 829), although in the case cited it was said:

"Technically the unexplained possession of recently stolen property does not make a *prime facie* case of guilt. It is merely an evidential fact which should be submitted to the jury to be considered in connection with all other facts and circumstances disclosed by the evidence, but which, if the jury so regard it, is sufficient to warrant a conviction." (p. 663.)

To say that the unexplained possession of property recently stolen raises a presumption of guilt is substantially the same as to say that it makes a *prima. facie* case. But the instruction complained of does not stop there. It extends the principle to knowledge of the place of concealment of recently stolen property, and adds that the presumption created is a strong one.

In *Hudson v. The State,* (9 Yerg.) 17 Tenn. 408, cited in 25 Cyc. 133, 134, the reviewing court said that the fair and legal presumption from the defendant's having pointed out the place of concealment of stolen money was that he placed it there himself. The question under discussion was whether the testimony warranted a verdict of conviction. Under the facts of that case an inference of guilt might fairly be drawn from the defendant's knowledge of where the stolen property was concealed, but it can not be said as a matter of

law that such knowledge affords a presumption of guilt, or necessarily has the same evidential effect as the possession of recently stolen goods.

Courts which condemn an instruction that the unexplained possession of recently stolen goods creates a presumption of guilt necessarily apply the same rule with greater reason where the word "strong" is used. (*State v. Bliss,* 27 Wash. 463, 68 Pac. 87; *Van Straaten v. The People,* 26 Colo. 184, 56 Pac. 905.) And instructions have been held erroneous by reason of the use of that word. (*Roberts v. State,* 11 Wyo. 66, 70 Pac. 803; *Denmark v. State,* 58 Ark. 576, 25 S. W. 867; *Baker v. The State,* 80 Wis. 416, 50 N. W. 518; *State v. Smith,* 24 N. C. 402; *People v. Cline,* 74 Cal. 575, 16 Pac. 391; 18 A. & E. Encycl. of L. 486.) A contrary conclusion was reached in *State v. Collett & Ireland,* 9 Idaho, 608, 75 Pac. 271. Courts in discussing whether the evidence in a particular case warranted conviction have occasionally said that the unexplained possession of recently stolen property created a strong presumption of guilt. (*Granville Wilcox v. The State,* [3 Heisk.] 50 Tenn. 110, 118; *Jones v. The State,* 105 Ga. 649, 31 S. E. 574; *Methard v. The State,* 19 Ohio St. 363, 368; *State v. Vinton,* 220 Mo. 90, 119 S. W. 370; *People v. Lang,* 142 Cal. 482, 76 Pac. 232.) But using this expression in justifying the upholding of a verdict is a very different matter from laying down such a rule for the guidance of a jury. The objection to this form of instruction is sometimes stated to be that it is a comment on the weight of the evidence, but it goes deeper than this. If the jury were merely told that in the opinion of the judge the possession referred to created a strong presumption of guilt, but that they were to use their own judgment on that point, even if it disagreed with his, a different situation would be presented. The instruction criticised amounts to a statement that such possession as a matter of law creates a strong presumption, to which they are bound

to give effect, whatever their own opinion on the subject may be. It is not true that the law attaches any particular force to the possession of property recently stolen. It is required to be taken into account as an item of evidence, because it appeals to the understanding, and it should be given just such weight as in reason it is entitled to. Under some circumstances it may be so convincing as to be practically conclusive, while under others it may be almost insignificant.

The court is of the opinion that it is probable that the instruction referred to may have influenced the verdict and therefore constituted prejudicial error.

Complaint is also made because in the same instruction the evidence that the defendant disclosed to the officer the place of concealment of the stolen property is spoken of as "tending to show guilty knowledge." Whether or not the phrase quoted amounted to actual error, it might have had some tendency to mislead the jury, and for that reason should have been omitted.

In another instruction which is complained of the jury were told that testimony that had been given as to the defendant's previous good reputation might "in doubtful cases" tend to the conclusion that a defendant would not be likely to commit an offense of the kind charged. The language quoted is justly criticised on the ground that the jury might understand from it that they were to give effect to such testimony only in case the other evidence left them in doubt as to the defendant's guilt. That is said to be the rule in some jurisdictions, although it is doubtful if the cases cited actually go so far. (12 Cyc. 417, note 59.) But by the prevailing view, which obtains in this state, such evidence may be sufficient to create a reasonable doubt where otherwise none would exist. (12 Cyc. 417, 418, notes 60, 61; 12 Cyc. 620; *The State v. Douglass,* 44 Kan. 618, 24 Pac. 1118; *The State v. Keefe,* 54 Kan. 197, 38 Pac. 302; *The State v. Deuel,* 63 Kan. 811, 66 Pac. 1037.)

Error is also assigned with respect to the refusal of certain instructions requested on behalf of the defendant. We think, however, the matters to which they related were sufficiently covered by the general charge, except for the defects already noted.

The judgment is reversed and a new trial ordered.

MASON, J. (dissenting) : I agree that the instruction as to the effect of possession of the stolen property or knowledge of its place of concealment was erroneous, but I think in this case it was not prejudicial. The defendant took the stand and made a statement undertaking to explain how he came to know where the stolen suit case was hidden. It is practically certain under the entire record, that he either stole the property himself, or that, as he claimed, his roommate stole it and told him about it. A case may readily be imagined where it would be the duty of the jury to consider whether the defendant might not be innocent upon some theory other than that which he had himself advanced, even although it should be inconsistent with his testimony. But here there is nothing to suggest any reasonable likelihood of such a situation, although it is of course possible. Beyond substantial doubt, if the story told by the defendant was false he was guilty of the offense charged. The jury were told in substance that the defendant was not required to prove the truth of his story, but if by reason of it they should entertain a reasonable doubt of his guilt they must acquit. While not as explicit as might be desired, this amounted to an instruction that if they believed the defendant's explanation, or entertained a reasonable doubt of its falsity, they could not convict. In this situation I do not think the verdict could have been affected by the erroneous instruction. It is so clear that if the defendant's story was untrue he was guilty, that no prejudice resulted from the trial court saying so to the

jury, although strictly the matter was one for their own determination. (*Roberts v. State,* 11 Wyo. 66, 86, 70 Pac. 803.)

BURCH, J., concurs in this dissent.